UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LESTER WALKER #207085,

      Plaintiff,                           Case No. 1:09-cv-842

v                                      HON. JANET T. NEFF

A. BRADLY,

      Defendant.

_____/


**OPINION AND ORDER**


      This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving alleged cruel and unusual punishment of Plaintiff resulting from Plaintiff allegedly being forced to operate a food slicer that lacked adequate safety guards. Defendant filed a motion for summary judgment (Dkt 10), arguing that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) (Dkt 17), recommending that this Court grant Defendant's motion (Dkt 17) and dismiss Plaintiff's claims without prejudice. The matter is presently before the Court on Plaintiff's Objections to the Report and Recommendation (Dkt 18). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

As the Magistrate Judge explained, a prisoner asserting a § 1983 action with respect to prison conditions must first exhaust all available administrative remedies (R & R at 4). 42 U.S.C. § 1997e(a); *Jones v. Bock,* 549 U.S. 199, 202 (2007).

Plaintiff argues that the Magistrate Judge erred in granting summary judgment to Defendant because of Plaintiff's "failure to properly exhaust administrative remedies" (Dkt 18 at 2; R & R at 7). In his objections, Plaintiff reiterates the argument from his initial response brief in opposition to summary judgment, that he filed a timely grievance because he "was not made aware that his injury would be a lifelong hindrance to him, *until just prior to filing*" (Dkt 14 at 4; *see* Dkt 18 at 4-5) (emphasis added). To support this objection, Plaintiff also raises three new arguments that allege it is clear that Plaintiff "did file a grievance within the 5 day limit set forth by policy" because: (1) Plaintiff's "inability to read/write (acknowledged by the MDOC, exhibit included)—result[ed] in a delay in knowing he had a grievable issue," (2) Plaintiff's "inability to write due to a nearly severed thumb" rendered him unable to write a grievance "even if he had known the issue was grievable," and (3) "Defendant did have an opportunity to respond to this issue, but chose not to" (Dkt 18 at 5-6).

Plaintiff's arguments are without merit.

*A. Properly Raised Objection*

The Magistrate Judge correctly concluded that Plaintiff failed to properly exhaust his administrative remedies. "[T]he PLRA [Prisoner Litigation Reform Act] exhaustion requirement requires *proper* exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,'—rules that are defined not by the

PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (2007) (quoting *Woodford*, 548 U.S. at 88) (internal citations omitted). Therefore, "[c]ompliance with [the] prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 540 U.S. at 218.

In the present case, Plaintiff failed to comply with the prison grievance procedures that require inmates to "attempt to resolve the issue" with involved staff members within two business days of becoming aware of a grievable issue prior to filing a written grievance and also require inmates to file a written grievance within five business days if resolution is not obtained (R & R at 6). Indeed, in his objections, Plaintiff does not contest the Magistrate Judge's factual finding that he did not file a grievance until more than eight months after the injury to his hand (Dkt 18; *see also* R & R at 6). Rather, according to Plaintiff, the Magistrate Judge's "conclusions on this matter are far from accurate" and "impl[ies] that the Magistrate knows what knowledge [the Plaintiff] possessed at the time of the incident (Dkt 18 at 2)."

Plaintiff essentially argues that his grievance did not accrue until he realized the full extent of his injury, i.e., that it would be a "lifelong hindrance." The Court is unpersuaded by this argument. Accrual of a claim for relief is a question of federal law and occurs when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984) (applying accrual rule to a § 1983 action). A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Sevier*, 742 F.2d at 273.

In this case, as noted by the Magistrate Judge, Plaintiff "was aware that his injury presented a grievable issue the moment it occurred" (R & R at 6). This is particularly so since (1) Plaintiff

alleges in his Complaint that the machine did not have the proper safety guards and his "thumb was nearly cut off" (Compl. p. 4), and (2) Plaintiff states in his Objections that part of the reason he did not file a grievance sooner was his "inability to write due to a nearly severed thumb" (Dkt 18 at 5-6). Thus, because Plaintiff failed to comply with the prison grievance system by seeking informal resolution within two days or by properly filing a grievance within five days of his injury, Plaintiff failed to exhaust all available administrative remedies.

B.      *Improperly Raised Objections*

Plaintiff argues that his delay in filing a grievance should be excused because his "inability to read/write … resul[ted] in a delay in knowing he had a grievable issue" and that his "nearly severed thumb" prevented him from drafting a grievance even if he knew the issue was grievable (Dkt 18 at 5-6). Plaintiff also states that because the Defendant did not respond to this issue despite having an opportunity to respond, "it is clear that [Plaintiff] did file a grievance within the 5 day time limit set forth by policy (*id*. at 6)."

Plaintiff's response brief in opposition to summary judgment (Dkt 14) did not raise these issues; therefore, they were not addressed by the Magistrate Judge. Because the Magistrate Judge did not have an opportunity to address these issues, the Court deems these issues waived. "While the Magistrate Judge Act, 28 U. S. C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). "[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived." *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).

Even assuming arguendo that Plaintiff's arguments are not waived, they demonstrate no error in the Magistrate Judge's recommendation that Defendant is entitled to summary judgment.

Plaintiff's failure to *timely* file a grievance is not excused by his "substandard" reading and comprehension level (*see* Dkt 18 at 3). Plaintiff clearly knew of the allegedly dangerous condition of the food slicer because he objected at the time he was ordered to operate it, and, moreover, he ultimately filed a grievance (Dkt 14 at 3; R & R at 6). Nor does Plaintiff's assertion that his thumb injury prevented him from writing relieve Plaintiff of his obligations. Plaintiff does not assert that he ever attempted to write a timely grievance or that he was denied requested assistance to write one.

Plaintiff's final argument, that because Defendant did not respond to this issue despite having an opportunity to respond, is equally unpersuasive. Plaintiff appears to rely on *Matthews v. Abrahajtys*, 92 F. Supp. 2d 615, 630-31 (E.D. Mich 2000), for the proposition that Plaintiff's failure to exhaust his administrative remedies may be excused if Defendant was not prejudiced in her ability to respond. The discussion in *Matthews* pertained to a laches-type defense to a delayed habeas petition, and Rule 9(a) of the Rules Governing Section 2254 cases, prior to the enactment of the Antiterrorism and Effective Death Penalty Act, all of which is inapplicable to this case. S*ee Matthews v. Abramajtys,* 319 F.3d 780, 788 (6th Cir. 2003).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 18) are DENIED and the Report and Recommendation (Dkt 17) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 10) is GRANTED, and Plaintiff's claims are DISMISSED without prejudice.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: July 30, 2010                                      /s/ Janet T. Neff
                                                         JANET T. NEFF
                                                         United States District Judge